UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00097 |
| | § | |
| TONE JOHNSON, JR., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the United States' Motion for Summary Judgment (D.E. 50).
The United States (Government) seeks summary judgment against Tone Johnson, Jr. and
Geraldine M.B.S. Johnson (collectively, Taxpayers) regarding income tax assessments
for tax years 1997 and 1998 and the foreclosure of tax liens. The Government also seeks
a default judgment or summary judgment against the Taxpayers' daughter, Geralynn
McB Johnson (Transferee), to the extent that she has taken title to any of the properties
subject to the tax liens. After the Motion was filed, Geralynn McB Johnson appeared and
answered (D.E. 51); therefore this motion will be treated as one for summary judgment
against her. D.E. 50, p. 15. For the reasons set out below, the Motion is GRANTED IN
PART AND DENIED IN PART.

## LIMITATIONS

Taxpayers and Transferee have each pled limitations as an affirmative defense.
D.E. 42, 43, 51. The Government is subject to a ten-year statute of limitations from the
date of assessment. 26 U.S.C. § 6502(a). It is undisputed that the assessment date is
February 11, 2002. D.E. 50; 50-2, pp. 2-3; 50-3, pp. 2-3. At issue is whether the

expiration of limitations was extended due to the Taxpayers' Offer In Compromise and application for a Taxpayer Assistance Order.

Taxpayers do not deny having made an Offer in Compromise applicable to the 1997 and 1998 tax years on February 4, 2003.  Neither do they deny that the Government acted upon that Offer on February 10, 2003.  If the Offer was rejected on its merits, the statute of limitations would be extended for the six days the Offer was under consideration and for at least another 30 days during which the Taxpayers could file an appeal. 26 C.F.R. § 301.7011-1(g)(1), and (k).  However, if the Government determines that the offer was made solely for purposes of delay, it may return the offer.  In that case, the statute of limitations is suspended only for the time that the Government had the offer under consideration—not any additional 30-day or appeal period.  26 C.F.R. § 301.7011-1(g)(4).

The Government contends that the Offer was presented solely for purposes of delay and thus returned it, claiming a suspension of limitations for only six days.  D.E. 50, p. 5; D.E. 50-4.  Taxpayers argue that the Government is playing games with semantics with respect to whether the offer was "returned" or "rejected."  D.E. 55/56, p. 5.  However, given that the Government's argument benefits the Taxpayers by application of only a 6-day suspension as opposed to a 36-day suspension, the Taxpayers' complaint is moot.  Thus the Offer in Compromise extended limitations for six days.

Limitations is also suspended during the time that a taxpayer applies for and obtains a decision on a Taxpayer Assistance Order.  26 U.S.C. § 7811(d).  It is undisputed that the Taxpayers applied for a Taxpayer Assistance Order with respect to

the 1997 and 1998 tax years on June 27, 2011 and that it was denied on August 9, 2011—a period of 43 days.  D.E. 50, pp. 6-7; 50-5.  While Taxpayers claim a different timeline applies, they do not articulate a legal or factual basis for their claim.  The Court holds that the application for a Taxpayer Assistance Order extended limitations for an additional 43 days.

The ten-year statute of limitations would have expired on February 11, 2012.  Because of the additional 49 days permitted by law and by the demonstrated facts herein, limitations did not expire until March 31, 2012, not counting any additional extension due to the deadline falling on a weekend.  This action was filed on March 29, 2012, within the applicable period of limitations.  D.E. 1.  The Court GRANTS the Motion (D.E. 50), holding that this action is not barred by limitations.

While neither the Taxpayers nor Transferee pled laches as an affirmative defense, they have raised it in their Response.  First, the laches argument is moot for failure to plead it.  Fed. R. Civ. P. 8.  Second, laches is not available against the Government in its capacity as the Internal Revenue Service because its actions in assessing and collecting tax liability results from its sovereign capacity, enforcing a public right or protecting the public interest.  *Fein v. United States*, 22 F.3d 631, 634 (5th Cir. 1994).

Third, laches does not apply here, where the matter is governed by a statute of limitations and the action was taken within that statute.  *Id*.  Last, Taxpayers and Transferee have failed to provide admissible evidence of the Government's inexcusable lack of diligence or that such delay prejudiced Taxpayers or Transferee.  Both are required in order to prove a laches defense.  *See generally*, *Abraham v. Alpha Chi*

*Omega*, 708 F.3d 614, 622 (5th Cir. 2013) (elements of laches affirmative defense).  The Court denies any request to apply laches to this case.

## HOMESTEAD

The Government seeks a judgment that homestead rights do not preclude foreclosure.  Taxpayers contend that the Government is not entitled to foreclose a lien on their Buckingham Estates property because they claim the protections of the Texas homestead exemption.  The Government's right to collect for tax liabilities extends to any property "of whatever nature" the taxpayer owns.  26 U.S.C. § 7403(a).  This has been construed to preempt state exemptions, such as homestead exemptions.  *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132 (1983); *Harris v. United States*, 764 F.2d 1126, 1130 (5th Cir. 1985).

Taxpayers suggest that ignoring their homestead rights is unjust as to "a decorated Vietnam military hero turned physician and his wife who do not deserve to have their home seized."  D.E. 55, p. 6.  While the Supreme Court has held that homestead rights will not prevent the foreclosure of a tax lien, the Court did recognize an element of discretion with respect to the manner and order in which foreclosures are authorized against certain properties.  *Rodgers, supra*.

The Court GRANTS the Government's Motion (D.E. 50) to the extent that it seeks judgment that the Texas homestead exemption does not prevent foreclosure of tax liens on property.  Because the Court does not issue a final judgment as a result of the Motion due to matters addressed below, the issue of discretion in authorizing foreclosure on certain properties and the order of foreclosure may be addressed in later proceedings.

### TRANSFEREE LIABILITY

The Government seeks summary judgment that its liens attached to certain properties owned by the Taxpayers before those properties were transferred to Transferee and that the transfer does not extinguish its lien.  D.E. 50, pp. 12-15.  It is undisputed that the Taxpayers acquired the Dunbar property on October 27, 1995 and transferred it to Transferee on July 7, 2004.  D.E. 50-12; 50-13.  It is also undisputed that Geraldine M.B.S. Johnson acquired the Gardendale property on June 13, 2000 and transferred it to Transferee on July 7, 2004.  D.E. 50-14; 50-15.  It is also undisputed that the Government's lien attached to the properties as of February 11, 2002 and were perfected against third parties as of August 19, 2002.  *See* 26 U.S.C. §§ 6321-23; D.E. 50-2; 50-3.

There is no question that a tax lien, once it attaches, follows the property and is enforceable against a subsequent transferee.  *Western Nat'l Bank v. United States*, 812 F.Supp. 703, 705-06 (W.D. Tex. 1993), *aff'd*, 8 F.3d 253 (5th Cir. 1993).  *See also United States v. Avila,* 88 F.3d 229, 233 (3rd Cir. 1996); *Han v. United States*, 944 F.2d 526, 529 (9th Cir. 1991).  Taxpayers and Transferee do not dispute this proposition of law.  D.E. 55/56, p. 7.  Instead, they assert that the matter is complicated by the statute of limitations argument, which this Court has already disposed of, and principles behind a default judgment, which is no longer applicable now that Transferee has appeared and answered.

The Court GRANTS the Motion (D.E. 50) with respect to its request for judgment that the Government's lien attached to the Dunbar and Gardendale properties and is still enforceable against those properties despite the transfer of the properties to Transferee.

## LIQUIDATION OF AMOUNT DUE
## AND AUTHORIZATION OF FORECLOSURE

The Government seeks a summary judgment against Taxpayers that it is entitled to the sum of $302,077.31 for unpaid taxes for the tax years 1997 and 1998, together with penalties, and interest.  D.E. 50-2, 50-3, 50-4.  Taxpayers, in response, assert that the balance the Government seeks was enhanced or their ability to pay was compromised by "old games" and "confusing tactics," the amount sought is not accurate, and that certain payments have not been properly credited.  The Government's proof includes its Certificate of Assessments, Payments and Other Specified Matters showing a zero balance for tax year 1997 (D.E. 50-2) and a balance of only $141,844.93 for tax year 1998 (D.E. 50-3).

While the Motion asserts that the Certificates do not reflect all penalties and interest and while the Declaration of Paula Wilkins asserts that the entire indebtedness is $31,951.88 for tax year 1997 and $270,125.43 for tax year 1998 (D.E. 50-4), this evidence is conclusory at best.  Given that Taxpayers specifically contest the amount based on an assertion of the failure to credit $92,000 levied from Geraldine M.B.S. Johnson's IRA on February 28, 2012 (D.E. 55/56, p. 14), there is a disputed issue of material fact regarding the total amount owed.  The Court DENIES the Motion (D.E. 50) with respect to its request for liquidation of the amount owed and authorization of foreclosure in that amount.

## CONCLUSION

For the reasons set out above, the Court GRANTS IN PART the Motion for Summary Judgment (D.E. 50) and holds that limitations does not bar this action; the defense of laches does not bar this action; Texas homestead exemptions do not prevent foreclosure of any tax lien; and the federal tax lien has attached to the Dunbar and Gardendale properties and is enforceable against Transferee.  The Court DENIES IN PART the Motion with respect to its request for a liquidated money judgment and authorization to foreclose the Government's liens because there are disputed issues of material fact regarding the credits and debits applicable to the Taxpayers' account and because issues of equity have been raised regarding the manner and order of the foreclosure of the liens on Defendants' respective properties.

ORDERED this 5th day of April, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE